## RIDGE v. WILSON and Another.

The sheriff cannot object to a replevin-bond, because it is not executed by the tenant, but by his surety alone.

Such bond may be payable to the sheriff, though his deputy make the distress.

If goods taken on a distress warrant be replevied without objection to the replevin-bond, and the time limited by law to replevy be expired, they cannot be re-taken by virtue of the warrant, on the ground that the replevin-surety is insufficient.

In trespass against two the jury cannot sever the damages; but they may find one guilty and acquit the other.

ERROR to the *Clark* Circuit Court.

BLACKFORD, J.—Trespass. The declaration states that *Wilson* being a deputy sheriff, and having a distress warrant in favour of *Kimball* against *Ridge*, levied, by order of *Kimball*, upon certain goods of *Ridge* for arrears of rent; that the plaintiff applied to *Wilson* to replevy the goods, and gave a lawful bond, which *Wilson* accepted and thereupon left the goods with the plaintiff; that afterwards *Wilson*, by order of *Kimball*, broke the plaintiff's close and carried away the said goods. The defendants pleaded not guilty. At the trial it was proved that the replevin-bond was made payable to the sheriff, and was executed only by the surety, whose circumstances were doubtful; that some time after the bond was given and received, and more than five days after the warrant was levied, *Wilson* informed the plaintiff that the bond was not good, and although forbidden by the plaintiff, he seized the goods previously distrained and took them away; that *Kimball* did nothing more than consult counsel respecting his claim for rent, and make the necessary affidavit for procuring the distress warrant. This is in substance the testimony in the cause. The jury were instructed to find for the defendants; and the verdict and judgment were accordingly in their favour.

The replevin-bond in this case is said to be defective, not being executed by the principal. In *Thom* v. *Savage*, *Nov.* term, 1818 (1), an appeal-bond thus executed was adjudged good; and the statutes as to these bonds are substantially the same.

52

Nov. Term, 1825.

Another objection to this replevin-bond is, that it is made payable to the sheriff, instead of to his deputy who served the warrant. The statute we conceive does not authorize this objection. With respect to the insufficiency of the replevin-surety, if that was so, *Wilson* should not have received the bond, and kept it without objection until the time limited by law for replevying the goods had expired (2). He had no right afterwards to seize the goods by virtue of the warrant. As to *Kimball*, the other defendant, supposing as the counsel contend, that the evidence does not support the action against him, that circumstance, if true, does not justify the instruction of the Court, that the verdict should be in favour of both the defendants. Although in trespass against two, the jury cannot sever the damages, they have always the right to find one guilty and acquit the other, when the testimony justifies them in doing so.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*Nelson*, for the plaintiff.

*Farnham*, for the defendants.

(1) Ante, p. 51. Stat. 1823, p. 160.

(2) With respect to the time within which goods may be replevied, the statute of William & Mary is the same with ours. Brad. on Distress, 221. The decision under the *English* statute is, that the tenant is not obliged to replevy the goods within the five days therein named, but that he has a right to do so at any time previously to the sale. *Jacob* v. *King*, 5 Taunt. 451.

The sheriff is liable to an action on the case if he do not take such sureties as the law contemplates. It is held, however, under the statute of Geo. 2, which is similar to ours, that the sheriff does not warrant the sufficiency of the sureties. If they were apparently good when taken, and the sheriff acted faithfully and with a reasonable degree of caution, he is excusable. *Hindle* v. *Blades*, 5 Taunt. 225.—*Scott* v. *Waithman*, 3 Stark. R. 168.